NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

14-623

LAKEISHA WATERSTRAAT, ET AL.

VERSUS

VERNON PARISH SCHOOL BOARD

**********

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 85,313, DIV. B
HONORABLE JOHN C. FORD, DISTRICT JUDGE

**********

JIMMIE C. PETERS
JUDGE

**********

Court composed of John D. Saunders, Jimmie C. Peters, and James T. Genovese, Judges.

AFFIRMED.

GENOVESE, J., dissents and assigns reasons.

Ronald J. Fiorenza
Provosty, Sadler, deLauney, Fiorenza & Sobel
P. O. Box 1791
Alexandria, LA 71309-1791
(318) 445-3631
COUNSEL FOR DEFENDANT/APPELLANT:
    Vernon Parish School Board

**James A. Blanco**
**Mitchell & Blanco, LLC**
**Capital One Tower, Suite 1459**
**Lake Charles, LA 70629**
**One Lakeshore Drive**
**(337) 436-8686**
**COUNSEL FOR DEFENDANT/APPELLANT:**
 **Vernon Parish School Board**

**Christopher J. Roy, Jr.**
**Chris J. Roy, Jr., A.P.L.C.**
**P. O. Box 1592**
**Alexandria, LA 71309-1592**
**(318) 487-9537**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
 **Lakeisha Waterstraat**
 **Aaron Waterstraat, Sr.**
 **Aaron Waterstraat, Jr.**

**S. Christie Smith, IV**
**Smith Bush, LLP**
**P. O. Drawer 1528**
**Leesville, LA 71496-1528**
**(337) 239-2244**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
 **Lakeisha Waterstraat**
 **Aaron Waterstraat, Sr.**
 **Aaron Waterstraat, Jr.**

**PETERS, J.**

This appeal arises from an October 1, 2010 vehicle-pedestrian accident which occurred in Leesville, Vernon Parish, Louisiana. The Vernon Parish School Board (School Board) appeals a trial court judgment rendered against it and in favor of Lakeisha Waterstraat awarding her general and special damages sustained by her in the accident. For the following reasons, we affirm the trial court judgment in all respects.

## DISCUSSION OF THE RECORD

The accident at issue occurred on the afternoon of October 1, 2010. Lakeisha Waterstraat was struck by a vehicle operated by Matthew Morrison as she attempted to cross Belview Road at its intersection with Herring Road in Leesville, Louisiana. The intersection is directly adjacent to Leesville High School, where Mr. Morrison was employed as a science teacher and an assistant football coach. At the time of the accident, Mr. Morrison was returning from his parents' home after retrieving an undershirt to wear under his coaching shirt at a high school football game to be played later that evening.

Mrs. Waterstraat initially filed suit on September 18, 2011, naming only Mr. Morrison and his liability insurer as defendants. However, she later added the School Board as a co-defendant, under both the theory of respondeat superior[1] and the School Board's own negligence for failure to provide supervision in the crosswalk where the accident occurred. The School Board responded to the suit by filing, among other pleadings, a motion for summary judgment wherein it asserted that at the time of the accident, Mr. Morrison was not in the course and scope of

---

[1] The original petition included a claim for damages sustained by Mrs. Waterstraat's minor child, A. Waterstraat, Jr., and in later pleadings added her husband, Aaron Waterstraat, Sr., and her mother, Rosa Cole, as party plaintiffs as well. However, the claims of the other three plaintiffs were resolved before trial of this matter. Additionally, the claims against Mr. Morrison and his liability insurer were dismissed before trial, leaving the School Board as the sole defendant.

his employment with the School Board. The trial court heard the motion for summary judgment on June 18, 2012, and rejected it in written reasons rendered on November 26, 2012.

The matter was tried as a bench trial on September 12, 2013, and the trial court rendered written reasons for judgment on December 17, 2013, wherein it rejected the independent negligence claim against the School Board, but found that Mr. Morrison was in the course and scope of his employment with the School Board at the time of the accident, and that the School Board was liable to Mrs. Waterstraat for the damages she sustained in the accident pursuant to the doctrine of respondeat superior.[2] The trial court executed a judgment to this effect on January 27, 2014, awarding Mrs. Waterstraat $72,208.88 in special damages and $80,000.00 in general damages.[3]

Thereafter, the School Board perfected this appeal wherein it asserted that (1) the trial court erred in rejecting its motion for summary judgment, and (2) that the trial court erred in finding that Mr. Morrison was in the course and scope of his employment with the School Board at the time of the accident.

## OPINION

Both of the School Board's assignments of error address Mr. Morrison's employment status at the time of the accident, but the analysis of those assignments requires the application of different standards of review. It is well-settled that we review the grant or denial of a motion for summary judgment *de novo*. *See Smitko v. Gulf S. Shrimp, Inc.*, 11-2566, p. 7 (La. 7/2/12), 94 So.3d 750.

---

[2] While neither the reasons for judgment nor the ultimate judgment on the merits addresses the negligence of Mr. Morrison, the defendants do not argue on appeal that the trial court found anything other than that the accident was caused solely and exclusively by the negligence of Mr. Morrison.

[3] As per a stipulation entered into at the beginning of trial, the judgment gave the School Board a credit for the $25,000.00 Mrs. Waterstraat had previously recovered from Mr. Morrison and his liability insurer.

2

On the other hand, the trial court's determination at trial that a particular act is within the course and scope of employment for purposes of vicarious liability is a factual finding governed by the manifest error rule. *Ermert v. Hartford Ins. Co.*, 559 So.2d 467 (La.1990). "The application of this standard of review mandates that [the appellate] court can only reverse a lower court's factual findings when (1) the record reflects that a reasonable factual basis does not exist for the finding of the trial court and (2) the record establishes that the finding is clearly wrong." *Emoakemeh v. S. Univ.*, 94-1194, (La.App. 1 Cir. 4/7/95), 654 So.2d 474, 477-78 (citations omitted).

Louisiana Code of Civil Procedure Article 966, which governs summary judgment proceedings, was significantly amended in both the 2012 and 2013 legislative sessions,[4] but those amendments did not change the burden of proof required of a movant in a summary judgment proceeding.

> The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material of fact.

La.Code Civ.P. art. 966(C)(2).

Because the School Board did not bear the burden of proof at trial, it bore the initial burden of proof under La.Code Civ.P. art. 966(C)(2), and in support of its motion, it relied primarily on the deposition of Mr. Morrison, the content of which is summarized as follows:

---

[4] 2012 La. Acts No. 257, § 1, effective Aug. 1, 2012; 2013 La. Acts. No. 391, § 1, effective Aug. 1, 2013.

3

The accident occurred at the intersection of Belview and Herring Roads (directly adjacent to Leesville High School), at approximately 2:37 p.m. on the evening of Friday, October 1, 2010. On that date, Mr. Morrison was employed by the Vernon Parish School Board, as a science teacher and assistant coach at Leesville High School. As an assistant offensive line coach, Mr. Morrison was scheduled to attend a football game between Leesville High School and DeRidder High School, to be played in DeRidder, Louisiana, on the night of the accident. Football coaches at Leesville High School are required to wear a Polo style shirt while coaching games on behalf of Leesville High School.

Mr. Morrison's work day typically began at about 7:30 a.m. and ended at approximately 3:15 p.m. As part of his usual teaching schedule, Mr. Morrison taught four different science classes between 8:00 a.m. and approximately 1:15 p.m., with a lunch break between 10:00 a.m. and 10:30 a.m. Mr. Morrison's sixth hour, known as his planning hour, was held between 1:15 p.m. and 2:15 p.m., and as a general practice, teachers and coaches are permitted to use either their lunch hour or planning hour for personal business away from the Leesville High School campus. On October 1, 2010, Mr. Morrison left Leesville High School about 20 to 25 minutes before the accident, and drove to his parents' home about two and a half miles away. There, he ate a snack, drank an energy drink, and secured an undershirt. The primary purpose of Mr. Morrison's trip was to retrieve an undershirt to wear under the assigned Polo shirt, which would make him more comfortable for the night football game. Mr. Morrison did not ask permission from anyone at Leesville High School to leave the premises to secure an undershirt; nor did Mr. Morrison sign out before leaving the school campus. The undershirt is not a part of Mr. Morrison's required teaching/coaching uniform.

After considering the deposition of Mr. Morrison, as well as the record before it, the trial court made the following conclusions in its reasons for judgment:

The Court concludes there are genuine issues of material fact for the trier of fact to address. The defendant's conduct was connected to his employment and was reasonably incidental to the performance of his duties because it could be reasonable to conclude and foreseeable that a coach would dress adequately considering that during football season nights can become rather cool. The School Board supplied a coach's shirt to be worn during the game to identify him as such but did not supply the undergarments or other attire which may be suitable for weather.

The accident occurred during his hours of employment and although not occurring on School Board property, it occurred in a place where the trier of fact could conclude that the School Board had knowledge of high volume pedestrian traffic.

4

Considering the record before us, we find no error in the trial court's determination that genuine issues of material fact existed in the litigation. That being the case, we find no error in the trial court's rejection of the School Board's motion for summary judgment.

Turning next to the trial court's ultimate judgment in finding the School Board liable for the negligence of Mr. Morrison, we note that the court in *Emoakemeh,* addressed the very issue now before us and analyzed it as follows:

> Vicarious liability is based on La.Civ.Code art. 2320, which states that "[m]asters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed." Under this article, liability extends only to the employee's tortious conduct that is within the course and scope of the employment. *Orgeron v. McDonald*, 93-1353, p. 4 (La. 7/5/94); 639 So.2d 224, 226. Whether an employee is acting within the course and scope of his employment is a question that can only be answered by general rules because of the unending contexts in which the question may arise. *Id*.
>
> As a general rule, the jurisprudence has identified four factors to consider in making a vicarious liability determination, including whether the tortious act: (1) was primarily employment rooted; (2) was reasonably incidental to performance of employment duties; (3) occurred during work hours; and (4) occurred on the employer's premises. *LeBrane v. Lewis*, 292 So.2d 216, 218 (La.1974); *Samuels v. Southern Baptist Hospital*, 594 So.2d 571, 573 (La.App. 4th Cir.), *writ denied*, 599 So.2d 316 (La.1992). It is not necessary that each of the factors be present in each case, and each case must be decided on its own merits. *Id*. Under the *LeBrane* test, an employer is responsible for the negligent acts of its employee when the conduct is so closely connected in time, place and causation to the employment duties of the employee that it constitutes a risk of harm attributable to the employer's business. *Orgeron v. McDonald*, 93-1353, p. 4; 639 So.2d at 227. The scope of the risks attributable to an employer increases with the amount of authority and freedom of action granted to the employee in performing the assigned tasks. *Ermert v. Hartford Insurance Company*, 559 So.2d 467, 477 (La.1990). However, an employer is not responsible for an employee's conduct that is motivated by purely personal considerations entirely extraneous to the employer's interests. *LeBrane v. Lewis*, 292 So.2d at 218.

*Emoakemeh*, 654 So.2d 474, 476-77.

Additionally, the supreme court stated in *Ermert*, 559 So.2d at 477 (citations omitted), that:

> The fact that the predominant motive of the servant is to benefit himself or a third person does not prevent the act from being within the scope of employment. If the purpose of serving the master's business actuates the servant to any appreciable extent, the master is subject to liability if the act is otherwise within the service.

At trial, Mr. Morrison testified to essentially the same facts as were set forth in his deposition. Additionally, he testified that he always wore an undershirt for comfort under his Polo coaching shirt; that on the date of the accident he had forgotten to wear his undershirt; and that he went back home during school hours in order to obtain an undershirt. Additionally, the School Board introduced an excerpt from the Leesville High School Teacher Handbook (Teacher Handbook) which addressed teachers transacting personal business on school time. That excerpt provides, in pertinent part, that "Faculty and staff are requested to conduct personal business during a time other than the teaching day (7:30 a.m. – 3:20 p.m.)[,]" and, "no faculty or staff member should leave campus unless they have signed out with the permission of the principal." In this case, Mr. Morrison left the high school campus without signing out and without obtaining the permission of the principal.

The trial court found that Mr. Morrison was acting in the course and scope of his employment with the Vernon Parish School Board at the time of the accident, and in doing so, stated the following:

> Morrison was a teacher and assistant football coach whose duties extended beyond those of a pure classroom teacher.
>
> Historically, coaches are different from classroom teachers. They are required, among other things, to supervise locker rooms, use of equipment, sports facilities, student athletes and to coach young men and women in an attempt to mold them into a team to compete in

6

the athletic arena. This requires great dedication and working many hours after the classrooms are vacant.

Here Coach Morrison was on an errand to retrieve a T-shirt to wear under his coach's uniform at a game later that night. Although the T-shirt was not part of the required school uniform and was not supplied by the school, it was used to facilitate the required uniform at a night game.

Considering the circumstances of this case, the Court finds that it is more probable than not Morrison was acting within the scope of his employment with the Vernon Parish School Board at the time of the accident. Accordingly, the Court awards plaintiffs the following: $26,208.88 in past medical; $16,000.00 for future medical; $30,000.00 for loss of income; and $80,000.00 general damages for pain and suffering, together with legal interest and costs of court.

We find no error in the trial court's ruling that Mr. Morrison's act of driving home, during school hours, to secure an undershirt, was a reasonably foreseeable act actuated by a desire to serve his employer. In reaching this conclusion, we also note that the school policy as set forth in the Teacher Handbook does not provide mandatory language, but rather requests the faculty or staff member not to leave during school hours, and to sign out and obtain permission of the principal before doing so. We find no merit in the School Board's argument on this issue.

## DISPOSITION

For the foregoing reasons, we affirm the trial court's denial of the Vernon Parish School Board's motion for summary judgment, and the trial court's judgment finding the Vernon Parish School Board vicariously liable for the negligence of Mr. Morrison. We assess all costs of this appeal to the Vernon Parish School Board.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION
Uniform Rules—Courts of Appeal, Rule 2-16.3

LAKEISHA WATERSTRAAT, ET AL.

VERSUS

VERNON PARISH SCHOOL BOARD

**Genovese, J., dissents and assigns the following written reasons:**

The majority affirms the trial court's ruling that the teacher/coach (Mr. Morrison) was acting in the course and scope of his employment with the Vernon Parish School Board at the time he struck the pedestrian. I disagree.

On the day of the incident in question, Mr. Morrison left school to go to his parents' home. In his deposition, he stated that the primary purpose of his trip to his parents' home was to retrieve an undershirt. While at his parents' home, he ate a snack, drank an energy drink, and secured an undershirt.

According to the record, football coaches at Leesville High School are required to wear a Polo-style shirt containing a Leesville High School insignia/logo when attending home and away football games. There was a football game the night of the incident. The undershirt is not part of the teaching/coaching uniform. These facts are not in dispute.

In my view, it is clear that Mr. Morrison was on a personal errand and not in the course and scope of his employment with the Vernon Parish School Board. The undershirt he retrieved, by his own admission in his deposition, was solely for his "comfort" and was not a part of the mandatory teaching/coaching uniform at Leesville High School.

I would reverse the trial court and grant the Vernon Parish School Board's motion for summary judgment.